```
                    UNITED STATES DISTRICT COURT

                    EASTERN DISTRICT OF LOUISIANA


HELEN PALAMA and                                 CIVIL ACTION
ALEXANDER PALAMA

v.                                               NO. 06-6420
                                                 c/w 06-6421


AUTOCLUB FAMILY INSURANCE COMPANY and            SECTION "F"
DAN CUEVAS
```

ORDER AND REASONS

Before the Court are plaintiffs' motions to remand.  For the reasons that follow, the motions are GRANTED.

Background

Hurricane Katrina damaged the apartment building in Slidell, Louisiana, where both the Palamas and Sheila Coutant owned units.  The Palamas and Sheila Coutant had purchased a homeowners insurance policy (and a separate flood policy underwritten by Fidelity National Property and Casualty)[1] issued by Auto Club Family Insurance Company ("ACFIC") through Dan Cuevas .

On August 28, 2006, the Palamas and Ms. Coutant filed separate suits in state court against ACFIC and Dan Cuevas in state court, alleging that Cuevas failed to procure enough flood insurance on their property to completely compensate them for their

---

[1] There is no issue before the Court regarding the National Flood Insurance Program.

1

loss, notwithstanding his representation that they had maximum coverage. On September 25, 2006, defendants removed the suits, which were thereafter consolidated in this Court. Defendants contend that Dan Cuevas was improperly joined to defeat diversity jurisdiction or, alternatively, that the Multiparty, Multiforum Trial Jurisdiction Act, 28 U.S.C. §§ 1369 and 1441(e)(1) confers federal jurisdiction. The plaintiffs now move to remand the case back to the 22nd Judicial District Court for the Parish of St. Tammany.

Most lawsuits filed after Hurricane Katrina focus on issues of insurance law and have been removed by out-of-state defendant insurance companies. Common jurisdictional issues run through these cases, and the standards for diversity and federal question jurisdiction and the discretion to remand cases to state court have been enumerated time after time, as well as the standards for the duty owed by insurance agents to the insured. See Kurz v. Scottsdale Ins. Co., 2006 WL 3240787 (E.D. La. Nov. 7, 2006); Thomas P. Ragas v. Jimmy Tarleton III and Allstate Ins. Co., 2006 WL 2925448 (E.D. La. Oct. 10, 2006); Bienemy v. American Sec. Ins. Co., 2006 WL 2925454 (E.D. La. Oct. 10, 2006); Tomlinson v. St. Paul Fire & Marine Ins. Co., 2006 WL 2632105 (E.D. La. Sept. 12, 2006).

This case is no different. Plaintiffs allege that they were told by Dan Cuevas or his employee on several occasions that

2

they had the maximum amount of insurance, through their homeowners and flood policies, on their respective properties. The defendants contend that the plaintiffs have no possibility of recovery against Dan Cuevas because (1) he is an agent of ACFIC and plaintiffs must show that he personally bound himself or exceeded his authority; or, alternatively (2) their claims are perempted. Given the legal duties of agents outlined in recent Orders of all Sections of this Court, the Court finds that defendant has not met its burden in proving that the plaintiffs have no possibility of recovery against Cuevas under Louisiana law. Both sides have submitted affidavits and evidence supporting their positions on the issue of improper joinder. The Court must resolve all factual disputes and ambiguities of state law in favor of the plaintiffs at this stage. See, e.g., Carriere v. Sears, Roebuck and Co., 893 F.2d 98, 100 (5th Cir. 1990).

Additionally, multiple Sections of this Court have considered whether the Multiparty, Multiforum Trial Jurisdictional Act, 28 U.S.C. § 1369(a), provides original or supplemental jurisdiction for lawsuits filed as a result of Hurricane Katrina. Unanimously, judges in this Court have agreed that it does not, in part because Hurricane Katrina is not classified by the Court as an "accident." See, e.g., Salvaggio v. Safeco Property & Cas. Ins. Co., 2006 WL 3068971 (E.D. La. Oct. 25, 2006)(Feldman, J.); Berry v. Allstate Ins. Co., No. 06-4922, 2006 WL 2710588 (E.D. La. Sept.

19, 2006) (Zainey, J.); Flint v. La. Farm Bureau Mut. Ins. Co., No. 06-2546, 2006 WL 2375593 (E.D. La. Aug. 15, 2006) (Duval, J.); So. Athletic Club, LLC v. Hanover Ins. Co., No. 06-2005, 2006 WL 2583406 (Sept. 6, 2006) (Lemmon, J.); Southall v. St. Paul Travelers Ins. Co., No. 06-3848, 2006 WL 2385365 (E.D. La. Aug. 16, 2006) (Barbier, J.).

Accordingly, the plaintiffs' motions to remand are GRANTED. Civil Action Numbers 06-6420 and 06-6421 are hereby remanded to the 22nd Judicial District Court for the Parish of St. Tammany.

New Orleans, Louisiana, December 20, 2006.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

4